166 So. 729

### BENSON v. STATE.

### 8 Div. 303.

Court of Appeals of Alabama.

March 17, 1936.

Travis Williams, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The state's evidence tended to prove that the sheriff and three deputies went to the humble home of defendant, and without warrant searched his house, presumably for prohibited liquor. The sheriff went to the front door and one of the deputies, named Stone, to the rear door. The sheriff and deputy alone testified for the state. When the sheriff entered, defendant was at the sink in the kitchen, wrestling with Stone over a one-half gallon fruit jar, which Stone finally succeeded in taking. According to this witness, "The jar smelled like liquor and it had a few drops in it." Stone testified that, when the sheriff went to the front door and he went to the rear, defendant's wife went to the front door, saw the sheriff, and ran back to where defendant was in the kitchen. How this witness could know what was going on inside the house, while he was on the outside, going to the rear door, is more than we can understand, unless he was using his imagination or had been prompted by some one in the house. This witness then testified that defendant picked up a fruit jar that had some whisky in it and began pouring it into the sink, and at the same time turning on the water; that he rushed in, grabbed the defendant, and tussled for the jar, which he finally got possession of, at which time it was empty, but some of the contents had "slushed out" on the wall and floor and smelled of whisky; that he knew it was whisky from the smell; that when "I saw him he had it up trying to pour it out and opening the faucet, too. I rushed in and grabbed him and he was trying to get away."

The evidence for the defendant tended to prove that there was no whisky in the jar and that defendant was at the sink washing it when he was grabbed by Stone. However this may be, the question was for the jury, and the responsibility for weighing this evidence is with them. The evidence for defendant is not so overwhelming as to justify us in overruling both the verdict and the judgment of the court.

The judgment is affirmed.

Affirmed.